## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
September 16, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JAMES O. BURFORD,**
**Claimant Below, Petitioner**

**vs.)    No. 14-1223** (BOR Appeal No. 2049508)
                (Claim No. 920061544)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**KANAWHA COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James O. Burford, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Anna L. Faulkner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 29, 2014, in which the Board affirmed a May 16, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 2, 2013, decision which denied authorization for Mr. Burford's request for the medications Zanaflex, Ultracet, and Neurontin. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Burford worked in the maintenance department for the Kanawha County Board of Education. On June 24, 1992, he suffered a laceration when a knife dropped on his right forearm. Mr. Burford was treated at Thomas Memorial Hospital where the wound was repaired, and he returned to work two days later. The claims administrator held the claim compensable. In the beginning of 2000, Mr. Burford came under the care of Timothy Deer, M.D., who treated him for right arm pain for over a decade. Dr. Deer prescribed several medications to treat Mr. Burford's complaints of pain including Zanaflex, Klonopin, Ultracet, and Neurontin. Eventually, on November 23, 2009, Prasadarao B. Mukkamala, M.D., evaluated Mr. Burford. He recommended denying the addition of several compensable conditions to the claim related to Mr. Burford's right shoulder. Dr. Mukkamala also found that the medications Ultracet, Neurontin, Zanaflex, and Clonazepam were not needed to treat the compensable injury. Dr. Mukkamala specifically pointed out that Ultracet was a narcotic medication that should not be prescribed, especially because Mr. Burford's forearm pain was non-specific. Dr. Mukkamala also noted that Zanaflex was a muscle relaxer and should not be authorized because there was no evidence of muscle spasms in Mr. Burford's medical records.

The claims administrator requested that Mr. Burford be weaned and tapered off the prescribed medications based on Dr. Mukkamala's evaluation. On August 27, 2010, the claims administrator denied a request for Zanaflex, Klonopin, Ultracet, and Neurontin. This decision was affirmed by the Office of Judges and ultimately affirmed by the Board of Review on October 26, 2011. During this time, Mr. Burford was also treated by Wilfrido Tolentino, PA-C, who found that Mr. Burford had carpal tunnel syndrome and causalgia of the right upper arm. Dr. Deer also continued to treat Mr. Burford during this time, and despite the prior denial of medications, he requested authorization for the medications Zanaflex, Ultracet, and Neurontin. On April 2, 2013, the claims administrator denied the request for these medications based on Dr. Mukkamala's evaluation. On May 16, 2014, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on October 29, 2014, leading Mr. Burford to appeal.

The Office of Judges concluded that the evidence failed to demonstrate that the requested medications were medically related and reasonably required to treat Mr. Burford's compensable injury. The Office of Judges found that the requested medications had been previously denied by the claims administrator. It found that the decision was ultimately affirmed by the Board of Review. The Office of Judges also took note of the opinion of Dr. Mukkamala, who believed there was no medical justification for the requested medications. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Burford has not demonstrated that the requested medications Zanaflex, Ultracet, and Neurontin are medically related and reasonably required to treat the compensable laceration that occurred over twenty years ago. The claims administrator previously denied authorization for the requested medications. The decision was affirmed by the Board of Review, it was not protested by Mr. Burford, and it ultimately became final. Mr. Burford has not presented sufficient evidence to entitle him to the requested medications in light of the prior denials by the claims

administrator, Office of Judges, and Board of Review. The current denial is further supported by the evaluation of Dr. Mukkamala.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 16, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II